FILED
DEC 03 2018
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAL SEIDER, )
)
    Plaintiff, )
)
v. ) Civil Action No.: 1:18-cv-02456 (UNA)
)
KOLPAC INDUSTRIES, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Sheboygan Falls, Wisconsin, sues Kolpac Industries and Doug Bennett, both located in Parsons, Tennessee. Compl. at 1. While the complaint is not a model in clarity, it appears that plaintiff believes defendants "violated privacy laws" and engaged in "voice manipulation software conversation manufacturing." *Id.* He also alleges that defendants defamed him, and he is generally aggrieved with defendants' workplace conduct. *Id.* at 1–5. It is completely unclear what type of relief, if any, plaintiff seeks.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts

1

that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff fails to raise any federal question. He also fails to satisfy the burden to establish diversity jurisdiction. Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: November 3, 2018

_____
United States District Judge